# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LONNIE HUTCHERSON (#B-43963), | ) |
| Plaintiff, | ) |
| | ) No. 10 C 6215 |
| v. | ) |
| | ) Judge Ronald A. Guzmán |
| DALFANITA MOORE, Correctional Medical Technician, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Pro se plaintiff Lonnie Hutcherson, an inmate presently incarcerated at Danville Illinois Correctional Center, has sued Correctional Medical Technician Dalfanita Moore pursuant to 42 U.S.C. § 1983 for violating his constitutional rights by being deliberately indifferent to a serious medical condition with respect to his fungal infection, also known as "jock-itch." (*See* Compl. 2.) Moore moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), and plaintiff filed a motion in response and a motion for ruling and status. For the following reasons, the Court grants in part and denies in part Moore's motion and grants plaintiff's motions.

## Facts

Hutcherson alleges that, while incarcerated, a doctor provided some anti-fungal cream for his "jock-itch." (Compl. 2.) When that cream proved ineffective, he sought treatment from Moore, a medical technician, and told her that he had been using the cream for two weeks and it had not worked. (*Id.*) Moore then merely gave him two more tubes of the same cream. (*Id.*) Hutcherson alleges that because of Moore's refusal to treat his fungal infection adequately, it

progressed into a serious bacterial infection that spread down his legs, inner thighs and buttocks, required multiple prescriptions to treat and caused him four months of pain and suffering. (*Id.*)

Hutcherson alleges that Moore's conduct violated his constitutional rights. He seeks injunctive relief as well as compensatory and punitive damages.

Moore has moved to dismiss the complaint. In support, Moore argues that: (1) Hutcherson has not satisfactorily pleaded that he had a serious medical condition and Moore was deliberately indifferent because Hutcherson merely disagreed with the treatment provided by Moore, and (2) Moore is entitled to qualified immunity.

## **Discussion**

It is well established that *pro se* complaints are to be liberally construed. *Haines* v. *Kerner*, 404 U.S. 519, 520 (1972); *see McCormick v. City of Chi.*, 230 F.3d 319, 325 (7th Cir. 2000). Fact pleading is not necessary to state a claim for relief. *Thompson* v. *Washington,* 362 F.3d 969, 970-71 (7th Cir. 2004). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp.* v. *Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). The allegations "must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (quotation omitted). In making this determination, the complaint is construed in the light most favorable to the plaintiff, accepting as true the well-pleaded allegations, and drawing all reasonable inferences in the plaintiff's favor. *Id.* at 1081. However, a plaintiff can plead himself or herself out of court by pleading facts that undermine the allegations set forth in the complaint. *See, e.g., Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 715 (7th Cir. 2006).

The Eighth Amendment, as applied to the various states through the Fourteenth Amendment, requires prison officials to "take reasonable measures to guarantee the safety of the

inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation omitted).[1] A "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligence in diagnosing or treating a medical condition." *Id.* at 106; *see Jones v. Simek*, 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996). A "claim based on inadequate medical care contains two elements: (1) the prisoner suffered an objectively serious harm that presented a substantial risk to his safety, and (2) the defendants were deliberately indifferent to that risk." *Minix v. Canarecci*, 597 F.3d 824, 831 (7th Cir. 2010). "The second, deliberate indifference element requires a dual showing that the defendant: (1) subjectively knew the prisoner was at substantial risk of [serious harm] . . . and (2) intentionally disregarded the risk." *Id.* (quotations omitted).

Hutcherson alleges that upon his arrival at Cook County Jail from Stateville Correctional Center he was given an anti-fungal medication for treatment of his "jock-itch." He used the medication for two weeks and saw no improvement in his condition. The instructions on the medication indicate that if the condition does not improve after two weeks' use that the user should consult a physician. Moore gave plaintiff two tubes of the same anti-fungal medication. Hutcherson alleges that when he pointed out to Moore that the medication had not been effective and that the instructions on the medication indicate that he was to consult a physician, Moore refused to refer him to a physician and stated: "if you don't like it, you shouldn't have come to jail." (*See* Compl. at 2.) Hutcherson alleges that because he did not see a physician and was not given different or more aggressive treatment, the "jock-itch" progressed into a bacterial infection

---

[1]Because plaintiff was a pre-trial detainee at the time of his alleged injury, his § 1983 claim is analyzed not under the Eighth Amendment but under the Due Process Clause of the Fourteenth Amendment. *See Butera v. Cottey*, 285 F.3d 601, 605 (7th Cir. 2002). However, the deliberate indifference standard applies with as much force in cases involving pre-trial detainees as cases involving inmates who have been sentenced. *Estate of Cole v. Fromm*, 94 F.3d 254, 259 (7th Cir. 1996); *Salazar v. City of Chi.*, 940 F.2d 233, 237-41 (7th Cir. 1991).

that spread down his legs, inner thighs and buttocks, and required two additional medications to bring it under control.

Moore argues that plaintiff's "jock-itch" is not a serious medical condition. In order to state a claim for deliberate indifference an inmate's medical need must be objectively serious. *Minix*, 597 F.3d at 831. A condition meets this standard if it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Moore cites to three non-precedential cases to support her contention that plaintiff's medical condition was not a serious one: *Espinoza v. Freeman*, No. 3:95-CV-727RP, 1996 WL 478721, at *6 (N.D. Ind. Aug. 2, 1996); *Harrod v. Baumgardner*, Civil Action No. DKC-08-3299, 2009 WL 2151857, at *5 (D. Md. July 14, 2009); and *Walker v. Vaughn*, Civil No. 07-896-GPM, 2008 WL 2704742, at *3 (S.D. Ill. July 8, 2008). In each of those cases the question of whether the inmate's medical condition was medically serious was decided on summary judgment, in consideration of the evidence presented. In contrast, the instant case is before the Court on a motion to dismiss, and at this stage, it is too early to tell whether plaintiff will be able to ultimately prove his claims.

In addition, while each of the three plaintiffs in *Espinoza*, *Harrod* and *Walker* suffered from "jock-itch" just as plaintiff did here, plaintiff complains that because of defendant's refusal to properly treat him, his "jock-itch" progressed into a serious bacterial infection requiring two additional prescriptions to treat and four months of pain and suffering. In *Carr v. Correctional Medical Services,* Civil Action No. 3:09-CV-301 JVB, 2010 WL 456899, *2 (N.D. Ind. Feb. 1, 2010), the court held that the plaintiff inmate had alleged a cause of action against a nurse practitioner, who prescribed him medications for acne, after the plaintiff had informed her that the medications had proved ineffective in the past. The plaintiff's condition in *Carr* progressed from acne to knots growing under his skin, serious swelling and pain. The Court finds that *Carr* is more factually similar to the case at hand than *Espinoza*, *Harrod*, and *Walker* and as the court in *Carr* found that the plaintiff had stated a cause of action, the Court, construing the complaint

in the light most favorable to plaintiff, as it must, does so here as well. Thus, the Court denies Moore's motion to dismiss on the basis that Hutcherson's medical condition is not a serious medical condition.

Moore argues that Hutcherson's allegations that Moore made unprofessional comments do not state a cause of action for deliberate indifference. It is true that unprofessional comments, in and of themselves, do not state a cause of action, *see DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) ("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws"). Thus, to this extent, the Court grants Moore's motion to dismiss any deliberate indifference claim based solely on Moore's comments. However, Moore's alleged comments certainly may be used to support Hutcherson's allegations that Moore was deliberately indifferent to his alleged serious medical condition.

Lastly, Moore argues that she is entitled to qualified immunity. "[T]he notice pleading requirements of Rule 8 do not require that a plaintiff anticipate the assertion of qualified immunity by the defendant and plead allegations that will defeat that immunity." *Jacobs v. City of Chi.*, 215 F.3d 758, 765 n.3 (7th Cir. 2000). Accordingly, the Seventh Circuit has stated that "most claims for qualified immunity are too fact-intensive to be decided on a motion to dismiss." *Schneider v. County of Will*, 366 Fed. Appx. 683, 684 (7th Cir. 2010).

This is not a case in which plaintiff has pleaded himself out of court. The facts as pleaded are sufficient to withstand a qualified immunity challenge, at least at this stage of the litigation. Further, Moore bases her qualified immunity argument on the misconstruction of plaintiff's complaint. Hutcherson is not merely alleging that he had "jock-itch." As described above, he has pleaded that his "jock-itch," after two weeks of treatment with an anti-fungal medication prescribed by a physician, was left untreated because of defendant's deliberate indifference, led to a serious bacterial infection, required two additional prescribed medications to treat, and caused plaintiff four months of pain. Consequently, Moore's motion to dismiss the complaint based on qualified immunity is denied without prejudice.

5

**Conclusion**

For the foregoing reasons, Moore's motion to dismiss [doc. no. 23] is granted in part and denied in part. Hutcherson's motion in response opposing defendant's motion [doc. no. 29] is construed as a response and is granted. Hutcherson's motion for ruling and status [doc. no. 38] is granted. Moore is given thirty days to answer the complaint or otherwise plead.

**SO ORDERED**     **ENTERED:   December 1, 2011**

_Ronald A. Guzman_

**HON. RONALD A. GUZMAN**

**United States District Judge**